United States District Court
For the Northern District of California

1
2
3
4
5                                    **NOT FOR PUBLICATION**
6                        IN THE UNITED STATES DISTRICT COURT
7
8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   THE CHARLES SCHWAB CORPORATION,

10          Plaintiff,                              No. C 10-04523 JSW

11   v.                                            **ORDER GRANTING MOTION TO**
                                                   **REMAND**
12   J.P. MORGAN SECURITIES INC., f/k/a
     BEAR, STEARNS & CO, et al.,
13
14          Defendants.

15   _____/

16                                    **INTRODUCTION**

17          Now before the Court for consideration is the Motion to Remand filed by Plaintiff, The

18   Charles Schwab Corporation ("Schwab Corporation").  The Court has considered the parties'

19   papers, relevant legal authority, and the record in this case.  For the reasons set forth in the

20   remainder of this Order, the Court HEREBY GRANTS Schwab Corporation's motion.

21                                    **BACKGROUND**

22          On September 2, 2010, Schwab Corporation filed a complaint in the San Francisco

23   County Superior Court.[1]  (Notice of Removal, Ex. B (Complaint).)  In its Complaint, Schwab

24   _____

25          [1]     Schwab Corporation filed three other cases in San Francisco Superior Court,
     in which it asserted claims that are similar to the claims raised in this case, each of which
26   were removed to this Court.  *See The Charles Schwab Corporation v. BNP Paribas*
     *Securities, et al.*, No. 10-CV-4030-SI ("*BNP Paribas*"); *The Charles Schwab Corporation v.*
27   *Banc of America Securities, LLC, et al.*, No. 10-CV-3489-LHK ("*Banc of America*"); *The*
     *Charles Schwab Corporation v. J.P. Morgan Securities, Inc., et al.*, No. 10-CV-4522-JSW
28   ("*JP Morgan I*").  Judge Illston and Judge Koh have remanded the *BNP Paribas* and the
     *Banc of America* cases to San Francisco Superior Court.  *See The Charles Schwab*
     *Corporation v. Banc of America Securities, LLC*, 2011 WL 864978 (N.D. Cal. Mar. 11,
     2011); *The Charles Schwab Corporation v. BNP Paribas Securities*, 2011 WL 724696 (N.D.
     Cal. Feb. 23, 2011).

**United States District Court**
For the Northern District of California

1    Corporation alleged that it invested $486 million in 11 certificates in 11 securitization trusts

2    backed by residential mortgage loans (the "Certificates").  (Compl. ¶ 1.)  Schwab Corporation

3    alleged that the Defendants, J.P. Morgan Securities, Inc. f/k/a Bear Stearns & Co., Inc., Bear

4    Stearns Asset Backed Securities I LLC, Chase Mortgage Finance Corporation, J.P. Morgan

5    Acceptance Corporation I, and J.P. Morgan Securities Holdings, LLC (collectively

6    "Defendants"), made materially misleading statements regarding the Certificates and the credit

7    quality of the mortgage loans that backed the Certificates.  Schwab also alleged that the

8    Defendants omitted material information relating to the Certificates.  (*Id.* ¶¶ 1-2; *see also id.* ¶¶

9    38-109.)  Schwab Corporation also alleged that the Defendants either sold or issued the

10   Certificates to Charles Schwab Bank, N.A. ("Schwab Bank"), a wholly owned subsidiary of

11   Schwab Corporation.  According to Schwab Corporation, on June 29, 2010, Schwab Bank

12   "assigned all of its right, title, and interest in the claims raised in this Complaint" to Schwab

13   Corporation.  (*Id.*, ¶¶ 1, 13-14, Ex. A.)

14       Based on these allegations, Schwab Corporation asserted claims against Defendants for:

15   (1) violations of California Corporations Code §§ 25401, 25501; (2) violations of Sections 11 of

16   the Securities Act of 1933 ("Securities Act"); (3) violations of Section 12(a)(2) of the Securities

17   Act; (4) violations of Section 15 of the Securities Act; (5) negligent misrepresentation; and (6) a

18   right to contract rescission pursuant to California Civil Code §§ 1689, 1710, and the common

19   law.

20       Schwab Corporation served the Defendants on or about September 10, 2010.  (Notice of

21   Removal, ¶ 4, Ex. A.)  On October 6, 2010, Defendants removed to this Court.  Defendants

22   asserted that this Court has original jurisdiction because Schwab Corporation's claims are

23   "related to" bankruptcy proceedings involving Aegis Mortgage Corporation ("Aegis

24   Mortgage"), American Home Mortgage Holdings, Inc. ("AHM"), First Magnus Financial

25   Corporation ("First Magnus"), First NLC Financial Services, LLC ("First NLC"), HomeBanc

26   Mortgage Corporation ("HomeBanc Mortgage"), Lancaster Mortgage Bankers, LLC

27

28

1   ("Lancaster Mortgage"), and 1ˢᵗ Republic Mortgage Bankers, Inc. ("1ˢᵗ Republic").[2]   These

2   entities allegedly originated some of the loans backing the Certificates at issue in this case.

3   (Notice of Removal, ¶¶ 11-25.)  Defendants also asserted that the case was removable on the

4   basis of diversity jurisdiction.  (*Id.* ¶¶ 26-36.)

5          Schwab Corporation now moves to remand on the basis that there is no diversity

6   jurisdiction, that this action is not "related to" bankruptcy proceedings, and on equitable

7   grounds.[3]

8                                              **ANALYSIS**

9   **A.      Legal Standards Applicable to Removal Jurisdiction.**

10         "[A]ny civil action brought in a State court of which the district courts of the United

11   States have original jurisdiction, may be removed by the defendant ... to the district court of the

12   United States for the district and division embracing the place where such action is pending."

13   *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern*

14   *California*, 463 U.S. 1, 7-8 (1983) (citation omitted).  *See also* 28 U.S.C. § 1441.  However,

15   federal courts are courts of limited jurisdiction.  Accordingly, the burden of establishing federal

16   jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is

17   strictly construed against removal jurisdiction.  *Prize Frize Inc. v. Matrix Inc,* 167 F.3d 1261,

18   1265 (9th Cir. 1999); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004),

19   *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

20   **B.      Diversity Jurisdiction.**

21         Defendants removed, in part, on the basis of diversity jurisdiction.  A defendant may

22   remove an action on the basis of diversity jurisdiction, only if no defendant is a citizen of the

23   same state as any plaintiff and "only if none of the parties in interest properly joined and served

24   as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b); *see*

25   _____

26         [2]      The Court shall refer collectively to each of these entities, as well as other
     bankrupt entities identified by Defendants as having originated loans backing the
27   Certificates, as "Bankrupt Originators."

28         [3]      In its opening brief, Schwab Corporation also argued that removal was
     improper under Section 22(a) of the Securities Act, but it withdrew that argument on reply.
     (*See* Reply Br. at 2 n.1.)

**United States District Court**
For the Northern District of California

*also* 28 U.S.C. 1332(a)(1).  In this case, it is undisputed that Schwab Corporation and the Defendants are not diverse, because they each are citizens of Delaware.  (*See* Compl. ¶ 5; Notice of Removal ¶¶ 31-35.)  Defendants argue, however, that the assignment from Schwab Bank, a citizen of Nevada, to Schwab Corporation was a collusive assignment and should be disregarded for purposes of determining the citizenship of the parties.  Although 28 U.S.C. § 1359 prohibits collusive assignments to create diversity jurisdiction, there is no similar statute prohibiting collusive assignments in order to defeat jurisdiction.

In *Banc of America*, Judge Koh considered, and rejected, similar arguments about the assignment at issue in this case.  (*Compare The Charles Schwab Corporation v. Banc of America Securities, LLC*, No. 10-CV-3489, Docket No. 19 (Declaration of Anne Hayes Hartman, Ex. A) *with The Charles Schwab Corporation v. J.P. Morgan Securities, LLC*, No. 10-CV-4523, Docket No. 14 (Declaration of Anne Hayes Hartman, Ex. A).)  In her thoughtful and well reasoned opinion, Judge Koh noted that the assignment between did bear "some hallmarks" of a collusive assignment but ultimately concluded that Schwab Bank had completely assigned its claims to Schwab Corporation.  *Banc of America*, 2011 WL 864978, at *3-4.  Judge Koh also refused to impose a burden upon Schwab Corporation to prove that the assignment was not collusive, because the defendants had removed the case and, as such, had the burden of establishing jurisdiction.  *Id.*

In this case, Schwab Bank and Schwab Corporation executed the assignment on June 29, 2010, the day Schwab Corporation filed the first of its four complaints but two months before this Complaint was filed.  In all other respects, however, the assignment at issue in this case is identical to the assignment at issue in *Banc of America*.  The Court finds Judge Koh's reasoning in the *Banc of America* case persuasive and equally applicable to the facts of this case.  Accordingly, for the reasons articulated by Judge Koh in the *Banc of America* case, this Court concludes that Defendants have not shown the assignment should be disregarded.  The parties are not completely diverse.  Thus, the case was not removable on that basis.  *See Banc of America*, 2011 WL 864978, at *2-4.

**United States District Court**
For the Northern District of California

**C.**   **"Related To" Jurisdiction.**

Defendants also argue that this Court has jurisdiction pursuant to 28 U.S.C. § 1334, which provides, *inter alia*, that subject to exceptions not present in this case, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  To determine whether a civil action is "related to" bankruptcy proceedings, the Ninth Circuit has adopted the "conceivable effects" test.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [Citations omitted in original.] Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

If, however, a bankruptcy plan has been confirmed, then "related to" jurisdiction is limited to cases that present a "close nexus" to the bankruptcy plan.  In such a case, matters that affect "'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'"  *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting and adopting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3rd Cir. 2004)).

According to Defendants, Bankrupt Originators originated approximately 598 loans in three of the eleven Certificates at issue this case.  (Declaration of Jason de Bretteville ("de Bretteville Decl."), ¶¶ 2-5.)  Defendants put forth evidence that they have indemnification agreements with those entities.  (*Id.*, ¶¶ 25-27 , Exs. 6-18.)  A number of courts, within this district and around the country, have concluded that the right to indemnification satisfies the conceivable effects test.  *See, e.g., Banc of America*, 2011 WL 864978, at *6; *Federal Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, 2010 WL 5394742, at *3 (N.D. Cal. Dec. 20, 2010) (citing cases); *Federal Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*,

United States District Court

For the Northern District of California

1   736 F. Supp. 2d 1283, 1289-90 (W.D. Wash. 2010).  In the *Banc of America* case, Judge Koh

2   also concluded that the right to indemnification from AHM, whose bankruptcy plan has been

3   confirmed, would satisfy the "close nexus" test.  *Banc of America*, 2011 WL 864978, at *5; *see*

4   *also BNP Paribas*, 2011 WL 724696, at *2 ("even assuming" defendant could satisfy close

5   nexus test, finding that remand was warranted on equitable grounds).

6          The Court finds these cases persuasive and for the reasons set forth therein, the Court

7   concludes that Defendants have shown that they have satisfied the "conceivable effects" test

8   with respect to Bankrupt Originators other than AHM and First Magnus.  Nonetheless, the

9   Court concludes that equitable considerations favor remand.  In addition, assuming *arguendo*,

10  that Defendants could satisfy the close nexus test as to claims pertaining to loans originated by

11  AHM and First Magnus, whose plans have been confirmed, the Court also concludes that

12  equitable considerations favor remand.

13  **D.   Equitable Remand.**

14         Under 28 U.S.C. § 1452(b), the Court may remand an action removed from state court

15  pursuant to § 1452(a) on "any equitable ground."  *In re McCarthy*, 230 B.R. 414, 417 (9th Cir.

16  BAP 1999) (quoting 28 U.S.C. § 1452(b)).  "This 'any equitable ground' remand standard is an

17  unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for

18  remand under nonbankruptcy removal statutes."  *Id.*

19         Courts in the Ninth Circuit generally consider seven factors to determine whether to

20  remand a "related to" case on equitable grounds:

21         (1) the effect of the action on the administration of the bankruptcy estate; (2)
           the extent to which issues of state law predominate; (3) the difficulty of
22         applicable state law; (4) comity; (5) the relatedness of the action to the
           bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from
23         removal.

24  *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (citing *Williams v. Shell*

25  *Oil Co.*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)); *see also Banc of America*, 2011 WL 724696,

26  at *7-8 (applying factors to grant motion to remand); *BNP Paribas*, 2011 WL 724696, at *3-4

27  (same).

28

United States District Court

For the Northern District of California

1    Applying these factors to this case, the Court concludes that remand is warranted.[4]  As

2 noted above, Bankrupt Originators originated approximately 598 loans with respect to three of

3 the eleven Certificates at issue.  However, according to the Complaint, the eleven Certificates

4 are backed by approximately 26,000 loans.  (Compl. ¶ 22.)  Moreover, Defendants have not

5 explained how their claims will be treated under the First Magnus and AHM confirmation

6 plans.  Therefore, for the reasons articulated by Judge Koh, Judge Illston, and Judge Conti, the

7 Court finds that the likely overall effect of this litigation on the various bankruptcy proceedings

8 is minimal.  *See Banc of America*, 2011 WL 724696, at *7; *BNP Paribas*, 2011 WL 724696, at

9 *3; *Federal Home Loan Bank of San Francisco*, 2010 WL 5394742, at *11-13.  As such, the

10 Court concludes that the first and fifth factors weigh in favor of remand.

11    With regard to the second and third factors, Schwab Corporation brings both federal and

12 state law claims and, thus, neither state law nor federal law predominates.  However, as Judge

13 Illston noted in the *BNP Paribas* case, "claims under the Securities Act first filed in state court

14 are normally not removable." *BNP Paribas*, 2011 WL 724696, at *3.  Further, Judge Koh and

15 Judge Illston have remanded their cases, and the Court concludes that *J.P. Morgan I* also should

16 be remanded.  Therefore, the Court finds that the fourth and seventh factors also weigh in favor

17 of remand.

**CONCLUSION**

19    For the foregoing reasons, Schwab Corporation's motion to remand is GRANTED.  The

20 Clerk shall remand this case to the San Francisco Superior Court and close the file.

21    **IT IS SO ORDERED.**

22 Dated: May 2, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4]    The sixth factor appears to be neutral.